IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDMAR DAVID,<br>　　　Petitioner,<br><br>v.<br><br>U. S. IMMIGRATION AND<br>CUSTOMS ENFORCEMENT,<br>　　　Respondent. | §<br>§<br>§<br>§　Case No. 3:25-CV-00222-N-BT<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* petitioner Edmar David seeks federal habeas relief under the provisions of 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(b) and Special Order 3, the District Court automatically referred this case to the undersigned United States magistrate judge for findings, conclusions, and a recommendation. Upon review, the Court should **DENY** the Petitioner's request and **DISMISS** this case **WITHOUT PREJUDICE**.

I.

On January 30, 2025, the Court issued a deficiency order, which required Petitioner to file a "memorandum with additional specific facts about his claims or another habeas petition containing such facts" and to either pay the $5.00 filing fee or file a motion for leave to proceed *in forma pauperis*. ECF No. 4. *See* N.D. Tex. Misc. Ord. 14 (requiring motions to proceed *in forma pauperis* on the court-approved form); 28 U.S.C. § 1914 (requiring $5.00 filing fee for writs of habeas corpus). The deadline for Petitioner's response was February 28, 2025.

1

On February 12, 2025, Petitioner paid the required $5.00 filing fee but failed to file the memorandum alleging specific facts for the Court to evaluate his claims. As of the date of this recommendation, Petitioner has not complied with this portion of the Court's order, nor has he sought an extension of time to do so.

Without the required factual memorandum, the Court cannot meaningfully review the petition or determine whether Petitioner is entitled to relief under § 2241. Because the case cannot proceed in the absence of this information, dismissal is warranted for failure to comply with a court order under Rule 41(b).

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Here, Petitioner was instructed to submit additional factual allegations essential to his petition and was given ample time to do so. Despite partial compliance with the deficiency order by paying the filing fee, Petitioner has yet to provide the required memorandum or otherwise communicate with the Court regarding his noncompliance. Under these circumstances, dismissal without

prejudice is appropriate. *See* Fed. R. Civ. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

Accordingly, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order.

SO RECOMMENDED.

January 7, 2026.

                                                                                                 REBECCA RUTHERFORD
                                                                                                 UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).